UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EMMETT J. JAFARI,

                    Plaintiff,

      v.                                   Civil Action No. 3:08–CV–629

OLD DOMINION TRANSIT MANAGEMENT
COMPANY d/b/a Greater Richmond
Transit Company,

                    Defendant.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff Emmett J. Jafari's ("Plaintiff" or "Jafari") Sealed Motion for Court Review of Costs Taxed. (ECF No. 137). For the reasons stated below, Plaintiff's Motion is OVERRULED.

## I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This action was commenced on September 26, 2008 and the Parties engaged in discovery, including a deposition of the Plaintiff. Plaintiff contested the validity of the relevant transcripts in a Motion to Suppress on October 5, 2012. (ECF No. 103). GRTC was granted summary judgment against Plaintiff on December 20, 2012. As a result, the entire case was dismissed and the remaining motions, including Plaintiff's Motion to Suppress (ECF Nos. 63, 64, 66, 86, 103, 109, 111), were denied as moot and the case was terminated in its entirety.

On December 31, 2012, Defendant filed a Bill of Costs for $2,517.30 in fees for

printed or electronically recorded transcripts obtained for use in the case pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (ECF No. 115). Jafari objected to the costs on January 4, 2013. GRTC responded to Plaintiff's objection on January 14, 2013. Plaintiff appealed this Court's denial of a Motion to Alter or Amend Judgment on February 6, 2013. The Fourth Circuit affirmed this Court's denial of the Motion on August 12, 2013. The Clerk of the Court then taxed the Bill of Costs on October 10, 2013. (ECF No. 136). On October 15, 2013, Jafari moved for the Court to review the costs taxed. (ECF No. 137). GRTC filed an Opposition to Jafari's Motion on October 23, 2013, and Jafari filed a Reply on October 28, 2013.

## II.    DISCUSSION

Plaintiff initially objected to the Bill of Costs in 2012 for nine reasons. Plaintiff argued that: (1) the costs could not be entered against a him prior to entry of the judgment; (2) the Bill of Costs were precluded by Plaintiff's timely Rule 59 Motion to Alter or Amend the Court's December 20, 2012 judgment in favor of Defendant; (3) the deposition officer, GRTC, and/or its counsel neglected to certify and/or file a copy of the transcripts in the Court; (4) the deposition officer failed to identify and propose a time, date, and location for Plaintiff's review and signing of the deposition transcripts at issue; (5) GRTC neglected to file portions of the transcripts that ought to have been considered with the portions used in the procurement of the judgment; (6) GRTC deposed the Plaintiff over two days, running up unnecessarily high costs without actually using the testimony; (7) GRTC was responsible for its own expense; (8) Plaintiff raised an objection to the deposition transcripts but the Court did not address his objections; and (9) Defendant's counsel, Ryan Ayers Glasgow ("Glasgow") did not properly file an affidavit, nor could he. Regarding Plaintiff's last reason,

he avers that Defendant's counsel, Glasgow, could not file the affidavit supporting the Bill of Costs because he was not present at the deposition and has no knowledge about the necessity of the deposition at issue.

In this instant motion, Jafari objects to the Bill of Costs for seven reasons. Plaintiff asserts that the costs have been improperly taxed because: (1) his objections and Motion to Suppress the transcripts were not addressed by the Court, (2) the transcripts itemized in the Bill of Costs are deficient under Rule 30 because Plaintiff was not afforded the opportunity to sign the transcripts or sign off on them; (3) Glasgow's declaration in support of the Bill of Costs reflects only boilerplate language and lacks required specificity; (4) Defendant neglects to set forth other items comprising the costs applied for including services, rates, and correctness or necessity of numerous services that have not been properly summarized; (5) Defendant improperly ordered expedited delivery of the relevant transcripts; (6) Defendant has not properly itemize costs in all categories and distinctly set forth details explaining the necessity for extra copies, expedited deliveries, and differing attendance fees; and (7) Defendant's Bill does not itemize costs or show categories for which costs are requested.

Defendant characterizes Plaintiff's arguments as divided into two main assertions: (1) that it would be unjust to require Jafari to pay for a deposition when the Court has not ruled on his prior Motion to Suppress and (2) that Defendant's Bill of Cost lacks requisite specificity.

First, Defendant argues that Plaintiff's Motion to Suppress is irrelevant in making this determination because the crux of that motion centered on whether Defendant could use Plaintiff's transcripts in support of its Motion for Summary Judgment. Defendant avers

that the issue of costs is dependent on the "necessarily obtained" standard and not a party's use of deposition transcripts in pleadings. Moreover, Defendant points out that the Court denied Plaintiff's Motion to Suppress as moot.

Second, Defendant avers that the Bill of Costs was proper under Fourth Circuit precedent because: (1) Defendant is the prevailing party; (2) the deposition was relevant, material, and necessarily obtained because it was the deposition of the sole plaintiff in the case; (3) Defendant relied on the transcripts at issue in its Motion for Summary Judgment; (4) the transcripts were necessarily expedited because Defendant was unable to depose Plaintiff until within a week of the close of discovery and within ten days of the last day to file its Motion for Summary Judgment; and (5) because the deposition was necessarily obtained, Defendant was entitled to costs including costs for the court reporter's attendance and the costs of the original transcripts and extra copies.

Defendant contends that the Bill of Costs satisfies Local Rule 54(d) because GRTC's counsel completed the bill of costs form provided by the Court by listing its costs under the appropriate heading and attached an itemization of taxable costs including separate invoices for each transcript with each invoice detailing the services being charged. Defendant avers that Plaintiff misconstrues Local Rule 54(d) to require that Defendant explain the services, rates, correctness, and necessity of the costs. Defendant further argues that Plaintiff mistakenly asserts that the Bill of Costs must set forth an itemization of costs in all categories. Defendant contends that the Rule actually requires itemization and documentation for requested costs in all categories to ensure that parties requesting costs—for either multiple categories of costs or multiple items within one category—separate out such costs. Accordingly, Defendant asserts that it has met the

correct standard because GRTC only asks for one item in one category of fees—the service charges related to the deposition of Plaintiff. Defendant disputes Plaintiff's contention that there were multiple service charges that were undocumented. Instead, Defendant asserts that there were only two charges: the charge for the transcript, and the charge for the court reporter's attendance. Defendant further asserts that it is even forgoing a request of other costs including videography totaling $1,720.00.

Lastly, Defendant argues that the Bill of Costs is properly verified by its affidavit as required by 18 U.S.C. § 1924. Defendant asserts that Glasgow had the proper knowledge to make the declaration. Further, Defendant refutes Plaintiff's manufactured standard that an affidavit must distinctly set forth showings of necessity. Defendant asserts that the affidavit properly verifies that the fees have been necessarily incurred and that the services for which the fees have been charged were actually and necessarily performed as required by 18 U.S.C. § 1924.

Plaintiff rebuts by arguing that Defendant has failed to comply with the governing statues and local rules and now seeks to supplement its Bill of Costs through its response brief and exhibits. Plaintiff further characterizes Defendant's arguments and explanations as post hoc. Regarding the necessity of expediting the transcripts, Plaintiff asserts that Defendant is at fault for failing to schedule the deposition until the last minute. Plaintiff further notes that Defendant failed to supplement its Bill of Costs in any way despite the fact that there was a significant amount of time between the submission of the Bill of Costs and the Clerk's entry of the Bill of Costs. Plaintiff avers that, instead, Defendant now attempts to support its submission with additional exhibits and arguments that the Court should not entertain. As such, Plaintiff concludes that he should not have to bear the

burden of a Bill of Costs that is deplete, inadequate, and for services that were expedited as a result of Defendant's counsel's procrastination.

### III.    <u>ANALYSIS</u>

There is a presumption that the prevailing party in a lawsuit will be able to collect costs. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The district court has discretion in awarding costs, *Constantino v. S/T Achilles*, 580 F.2d 121, 123 (4th Cir. 1978), but if the court chooses not to award costs, it must "articulat[e] some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). A court should limit an award for costs to those "reasonably necessary at the time . . . [of] trial." *Fells v. Va. Dep't of Transp.*, No. 2:08–CV–74, 2009 WL 866178, at *3 (E.D. Va. Mar. 25, 2009) (quoting *LaVay Corp. v. Dominion Fed. Sav. & Loan*, 830 F.2d 522, 528 (4th Cir. 1987)). Costs may be denied "only when there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F.3d at 446.

Local Rule 54(D)(1), which is parallel to Federal Rule of Civil Procedure 54(d), states that costs can be awarded for items listed in 28 U.S.C. § 1920. Section 1920 lists both "fees for printed or electronically recorded transcript[s] necessarily obtained for use in the case" and "fees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2), (4). Costs of a deposition should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp.,* 830 F.2d at 528. A "court must determine whether the deposition was 'reasonably necessary for preparation at trial' at the time it was taken, and must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case." *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 442 (E.D.

Va. 2011). To be necessary, a deposition need only be relevant and material to preparation in the litigation. *Ford v. Zalco Realty, Inc.,* 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). It is not a requirement that the deposition be used in trial or in a motion for dispositive relief. *Francisco*, 272 F.R.D. at 443. Moreover, depositions taken within the normal bounds of discovery are typically deemed to be necessarily obtained for use in the case. *Id.*

### A. Sufficiency in General
#### i.   Prevailing Party

There is no question here that Defendant is the prevailing party as its Motion for Summary Judgment was granted and the case was dismissed.

#### ii.   Necessarily Obtained

The Court finds that the relevant transcripts were necessarily obtained because Jafari was a Plaintiff in this matter and his deposition was key to the resolution of the case. "[S]uch costs are taxable 'if they were incurred in order to *prepare* for trial,' regardless of whether the transcripts are actually '*used*' at trial." *Cook v. Magellan Health Servs., Inc.,* No. 1:12-CV-1084, 2013 WL 2152638, at *1 (E.D. Va. May 15, 2013) (quoting *Jop v. City of Hampton, Va.,* 163 F.R.D. 486, 488 (E.D. Va. 1995)); *see also Francisco*, 272 F.R.D. at 443. Accordingly, Plaintiff's attempts to challenge the sufficiency of the relevant transcripts under Rule 30 and other similar arguments proffered in Plaintiff's Motion to Suppress are unavailing. The Court granted Defendant's Motion for Summary Judgment, denied as moot the remaining motions, and declines to revisit those motions in this context.

#### iii.   Costs Associated With Expedited Delivery

Defendant represents:

Plaintiff's Motion for Leave to file an Amended Complaint was granted on July 26, 2012, and GRTC filed its Answer to the Amended Complaint on

> August 17, 2012. . . . Plaintiff's deposition was originally scheduled and noticed to take place shortly thereafter on September 7, 2012 with the agreement of Plaintiff. . . . Plaintiff's deposition had to be rescheduled to September 12, 2012. . . . In part as a convenience to Plaintiff, his deposition spanned two days. The deadline for the close of discovery in this matter as well as deadline for depositions was September 25, 2012. . . . More importantly, the last day to file dispositive motions was September 26, 2012.

(Def.'s Opp'n to Pl.'s Mot. for Court Review of Costs 5-6). GRTC's situation is similar to the defendant's situation in *Ford*. 708 F. Supp. 2d at 562. In *Ford*, the defendant did not explicitly list reasons for the necessity of expedited transcripts of the depositions for two witnesses. *Id.* The court, however, did not find that expedited delivery was unreasonable given that the relevant depositions occurred within approximately a month of when the defendant ultimately filed his motion for summary judgment. *Id.*

As in *Ford*, the Court finds that GRTC was justified in expedited shipping of the relevant transcripts. Despite the fact that counsel for GRTC neglected to include any reasoning for the expedited delivery of the transcripts at issue in its Bill of Costs, the Court finds that the delivery of such transcripts were necessarily expedited because of the close proximity between when Plaintiff was deposed and the deadline for the submission of a motion for summary judgment.

### B.  Sufficiency of Bill of Costs

Local Rule 54(D) requires plaintiffs to "distinctly set forth each item thereof so that the nature of the charge can be readily understood." E.D. Va. Loc. Civ. R. 54(D)(1). "An itemization and documentation for requested costs in all categories shall be attached to the cost bill. Costs will be disallowed if proper documentation is not provided." *Id.*

The Court finds that GRTC complied with Local Rule 54(D) because: (1) GRTC requests costs for a single item—the deposition transcripts; (2) GRTC has itemized its costs

and provided proper documentation for this cost using the form bill of costs paperwork for the Eastern District of Virginia; and (3) GRTC provided two separate invoices for this transcript, each listing the services charged.

### C.  Sufficiency of Support

Under 28 U.S.C. § 1924, a "party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Despite Plaintiff's contentions, this standard is not a high one. *See, e.g.*, *Zeuner v. Rare Hospitality Int'l, Inc.*, 386 F. Supp. 2d 635, 640 (M.D.N.C. 2005) (allowing party to recover costs where they filed late affidavits that did not verify all of the information required by section 1924).

GRTC submitted a timely, supporting affidavit specifically (a) stating that "[t]he costs as itemized in Defendant's Bill of Costs are correct and have been necessarily incurred during the pendency of this case[;]" (b) referencing each itemized cost; and (c) asserting that "the services for which fees have been charged were actually and necessarily performed during the pendency of this case." (Def.'s Bill of Cost, Ex. 2). The Court reviews the affidavit "in light of its own first-hand knowledge of the case [to] find sufficient verification that each cost was necessarily obtained and actually incurred." *Zeuner*, 386 F. Supp. 2d at 640. The Court finds that Defendant's supporting affidavit is sufficient under section 1924 because it verifies the information in Defendant's Bill of Cost and is sufficient in light of the Court's knowledge of this case.

### IV.    CONCLUSION

For the aforementioned reasons, the Court OVERRULES Jafari's objection to the costs taxed.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this____10th_____ day of January 2014.