UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EMMETT J. JAFARI,<br><br>                                          Plaintiff,<br><br>v.<br><br>OLD DOMINION TRANSIT MANAGEMENT COMPANY d/b/a Greater Richmond Transit Company,<br><br>                                          Defendant. | Civil Action No. 3:08–CV–629 |

### **MEMORANDUM OPINION**

THIS MATTER is before the Court on an Objection to Court's Review and Taxing of Costs filed by Plaintiff Emmett J. Jafari. (ECF No. 145). This filing will be construed as a Motion for Reconsideration. For the reasons below, the Court will DENY Plaintiff's Motion.

### **BACKGROUND**

Plaintiff Emmett J. Jafari ("Plaintiff" or "Jafari") contested the validity of transcripts in a Motion to Suppress on October 5, 2012. (ECF No. 104). Defendant Old Dominion Transit Management Company, d/b/a the Greater Richmond Transit Company ("Defendant" or "GRTC") was granted summary judgment against Plaintiff on December 20, 2012. As a result of Defendant's Motion for Summary Judgment, the entire case was dismissed, and Plaintiff's Motion to Suppress was held to be moot.

On December 31, 2012, Defendant filed a Bill of Costs for $2,517.30 in fees for printed or electronically recorded transcripts obtained for use in the case pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (ECF No. 115). Jafari objected to

1

the costs on January 4, 2013. GRTC responded to Plaintiff's objection on January 14, 2013. Plaintiff then appealed this Court's denial of a Motion to Alter or Amend Judgment. The Fourth Circuit affirmed this Court's denial of the Motion on August 12, 2013.

The Clerk entered the Bill of Costs on October 10, 2013. (ECF No. 136). Jafari moved for the Court to review the costs taxed on October 15, 2013. (ECF No. 137). GRTC filed an Opposition to Jafari's Motion on October 23, 2013. Jafari filed a Reply on October 28, 2013. On January 10, 2014, the Court overruled Jafari's objections to being taxed costs. On April 2, 2014, Jafari filed a motion, styled as an objection, asking the court to reconsider and vacate the costs.

## DISCUSSION

Plaintiff argues that the Court was precluded from ordering that costs be taxed under Local Civil Rule 30(B). Additionally, Plaintiff notes that the Court was required, but failed, to resolve the matter of costs in a timely fashion, which would have allowed all matters to be presented upon appeal.

In *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993), the Fourth Circuit identified only three bases upon which a Motion for Reconsideration may be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Local Civil Rule 30(B) states that:

> The expense of recording a deposition shall be paid by the party seeking to take same. The expense of transcribing the deposition shall be paid by any party ordering the preparation of the original. Any other party desiring a copy of said deposition shall pay for same at the copy rate. Parties may, by agreement, equally share the costs of attendance and transcribing, including such copies as desired.

E.D. Va. Loc. Civ. R. 30(B). Notwithstanding Local Civil Rule 30(B), there is a presumption that the prevailing party in a lawsuit will be able to collect costs. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Local Rule 54(D)(1), which is parallel to Federal Rule of Civil Procedure 54(d), states that costs can be awarded for items listed in 28 U.S.C. § 1920. Section 1920 lists both "fees for printed or electronically recorded transcript[s] necessarily obtained for use in the case" and "fees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2), (4). Because Plaintiff has failed to demonstrate any of the bases for reconsideration under *Hutchinson*, the Motion will be DENIED.

## CONCLUSION

For the above reasons, the Court will DENY Plaintiff's Motion.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __22nd__ day of April 2014.